1

2

3

4

5

6

7

**FILED**
CLERK, U.S. DISTRICT COURT

FEB 19 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        June 2024 Grand Jury

11    UNITED STATES OF AMERICA,        CR No. **2:25-CR-00110-GW**

12              Plaintiff,             I N D I C T M E N T

13              v.                     [18 U.S.C. § 371: Conspiracy to
                                       Commit Forced Labor; 18 U.S.C.
14    CAROLINA ROJAS, and             § 1589(a): Forced Labor; 18 U.S.C.
      JAIRO JOHN GASTELO,             § 1590(a): Trafficking with
15     aka "Jhon Gastelo,"            Respect to Forced Labor; 18 U.S.C.
                                       § 1546(a): Giving Immigration
16              Defendants.            Documents to Unauthorized Persons;
                                       8 U.S.C. § 1324(a)(1)(A)(iv):
17                                     Encouraging and Inducing Illegal
                                       Entry; 18 U.S.C. § 1512(b)(3):
18                                     Witness Tampering; 18 U.S.C.
                                       §§ 981(a)(1)(C), 982, 1594(d) and
19                                     28 U.S.C. § 2461(c): Criminal
                                       Forfeiture]
20

21         The Grand Jury charges:

22                              COUNT ONE

23                         [18 U.S.C. § 371]

24                         [ALL DEFENDANTS]

25    A.   INTRODUCTORY ALLEGATIONS

26         At times relevant to this Indictment:

27         1.   Defendant Carolina ROJAS was a naturalized United States

28    citizen from Peru.

2.    Defendant Jairo John GASTELO, aka "Jhon Gastelo," was a Peruvian immigrant residing in the United States and not a United States citizen.

3.    Defendants ROJAS and GASTELO were a married couple who resided in a shared house in Simi Valley, California (the "Residence").

B.    THE OBJECT OF THE CONSPIRACY

4.    Beginning on an unknown date, but no later than in or about November 2021, and continuing until at least in or about March 2024, in Ventura County, within the Central District of California, and elsewhere, defendants ROJAS and GASTELO conspired with each other and with others known and unknown to the Grand Jury to carry out a scheme and plan to cause persons serious harm if they did not provide their labor and services to defendants ROJAS and GASTELO, in violation of Title 18, United States Code, Section 1589(a).

C.    THE MANNER AND MEANS OF THE CONSPIRACY

5.    The object of the conspiracy was to be carried out, and was carried out, in substance, as follows:

a.    Defendant ROJAS would recruit foreign nationals from Latin American countries to come to the United States.

b.    Defendant ROJAS would direct and oversee the foreign nationals' entry to the United States by providing financial assistance and by making arrangements to bring the foreign nationals to the United States.

c.    After the foreign nationals successfully entered the United States, defendant ROJAS would help them obtain transportation to California in order to bring them to the Residence.

d.    Defendants ROJAS and GASTELO would then house the foreign nationals at the Residence, requiring the foreign nationals to provide childcare, sleep in the same bedroom as their minor child with special needs, and perform domestic labor.

e.    Defendants ROJAS and GASTELO would not pay the foreign nationals for their labor and services; instead, defendants ROJAS and GASTELO told the foreign nationals that their work was performed in exchange for rent at the Residence.

f.    Defendant ROJAS would instruct the foreign nationals to lie to United States immigration authorities about the fact that defendant ROJAS required the foreign nationals to exchange their labor for rent.

g.    Defendants ROJAS and GASTELO would charge the foreign nationals a fee for smuggling the foreign nationals into the United States that the foreign nationals would repay by obtaining employment outside the Residence.

h.    Defendant ROJAS would help the foreign nationals acquire fraudulent immigration documents that the foreign nationals used to obtain employment outside the Residence.

i.    Defendant ROJAS would help the foreign nationals obtain employment at a McDonald's in Simi Valley, California (the "McDonald's"), where defendant ROJAS had an arrangement with the manager to hire individuals she brought to work there.

D.    OVERT ACTS

6.    On or about the following dates, in furtherance of the conspiracy, and to accomplish its object, defendants ROJAS and GASTELO, together with others known and unknown to the Grand Jury,

committed the following overt acts, among others, within the Central District of California and elsewhere:

Overt Act No. 1:   In November 2021, defendant ROJAS recruited A.Q.M., a Peruvian national, to come to the United States, and told A.Q.M. she could live with defendant ROJAS's family and go to school once A.Q.M arrived in the United States.

Overt Act No. 2:   On December 22, 2021, after A.Q.M. illegally crossed into the United States, A.Q.M. flew to California using a plane ticket paid for by defendant ROJAS, then defendant ROJAS transported A.Q.M. to the Residence.

Overt Act No. 3:   On December 22, 2021, defendant ROJAS told A.Q.M. that defendant ROJAS would require A.Q.M. to provide near-constant care for the minor child with special needs that defendant ROJAS shared with defendant GASTELO.

Overt Act No. 4:   On December 22, 2021, defendant ROJAS told A.Q.M. that defendant ROJAS would require A.Q.M. to cook, clean, and do laundry for defendant ROJAS, defendant GASTELO, and their other children.

Overt Act No. 5:   In April 2022, defendant ROJAS agreed to smuggle M.M.H., a Peruvian national, into the United States to help A.Q.M. care for the minor child with special needs that defendant ROJAS shared with defendant GASTELO.

Overt Act No. 6:   On April 12, 2022, after M.M.H. illegally crossed into the United States, M.M.H. flew to California using a plane ticket paid for by defendant ROJAS, then defendant ROJAS transported M.M.H. to the Residence.

Overt Act No. 7:    On April 12, 2022, defendant ROJAS told M.M.H. that defendant ROJAS would require M.M.H. to perform labor for defendant ROJAS in exchange for rent at the Residence.

Overt Act No. 8:    On April 12, 2022, defendant ROJAS informed A.Q.M. and M.M.H. that they each owed defendant ROJAS $10,000 as a fee in exchange for defendant ROJAS's efforts to smuggle A.Q.M. and M.M.H. into the United States.

Overt Act No. 9:    In April 2022, defendant ROJAS transported M.M.H. to meet with an unknown male in Los Angeles, California, where the unknown male provided M.M.H. with a fraudulent Social Security Card and a fraudulent Permanent Resident Card in exchange for defendant ROJAS paying the unknown male $200.

Overt Act No. 10:    In April 2022, defendant ROJAS transported A.Q.M. to meet with an unknown male in Los Angeles, California, where the unknown male provided A.Q.M. with a fraudulent Social Security Card and a fraudulent Permanent Resident Card in exchange for defendant ROJAS paying the unknown male $200.

Overt Act No. 11:    In May 2022, defendant ROJAS transported M.M.H. to a McDonald's in Simi Valley, California ("the McDonald's), where defendant ROJAS and M.M.H. met with a manager who hired M.M.H. to work at the McDonald's after M.M.H. showed the manager the fraudulent immigration documents M.M.H. obtained with defendant ROJAS's help.

Overt Act No. 12:    In May 2022, defendant ROJAS transported A.Q.M. to the McDonald's, where defendant ROJAS and A.Q.M. met with a manager who hired A.Q.M. to work at the McDonald's after A.Q.M. showed the manager the fraudulent immigration documents A.Q.M. obtained with defendant ROJAS's help.

Overt Act No. 13:    In May 2022, defendant ROJAS took M.M.H. to a check cashing business in Simi Valley, California (the "Check Business"), where M.M.H. could easily cash her paychecks from the McDonald's and thereby pay defendant ROJAS the purported smuggling fee defendant ROJAS demanded from M.M.H.

Overt Act No. 14:    In May 2022, defendant ROJAS took A.Q.M. to the Check Business, so that A.Q.M. could cash her paychecks from the McDonald's and thereby pay defendant ROJAS the purported smuggling fee defendant ROJAS demanded from A.Q.M.

Overt Act No. 15:    In July 2023, after J.S.G., a Venezuelan national, illegally crossed into the United States, J.S.G. flew to California using a plane ticket paid for by defendant ROJAS.

Overt Act No. 16:    In July 2023, defendant ROJAS told J.S.G. that defendant ROJAS would require J.S.G. to provide near-constant care for the minor child with special needs that defendant ROJAS shared with defendant GASTELO.

Overt Act No. 17:    In July 2023, defendant ROJAS told J.S.G. that defendant ROJAS would require J.S.G. to cook, clean, and do laundry for defendant ROJAS, defendant GASTELO, and their other children.

Overt Act No. 18:    In August 2023, defendant ROJAS told J.S.G. that defendant ROJAS would smuggle Y.S.P., a Venezuelan national and J.S.G.'s partner, to the United States on the condition that Y.S.P. would agree to provide childcare to the minor child with special needs that defendant ROJAS shared with defendant GASTELO.

Overt Act No. 19:    In September 2023, defendant ROJAS transported J.S.G. to an unknown male in Los Angeles, California, where the unknown male provided J.S.G. with a fraudulent Permanent

Resident Card in exchange for defendant ROJAS paying the unknown male $150.

Overt Act No. 20:   In September 2023, defendant ROJAS transported J.S.G. to the McDonald's, where defendant ROJAS and J.S.G. met with a manager who hired J.S.G. to work at the McDonald's after J.S.G. showed the manager the fraudulent immigration document J.S.G. obtained with defendant ROJAS's help.

Overt Act No. 21:   In October 2023, defendant ROJAS took J.S.G. to the Check Business, where J.S.G. could easily cash her paychecks from the McDonald's and thereby pay defendant ROJAS the purported smuggling fee defendant ROJAS demanded from J.S.G.

Overt Act No. 22:   In October 2023, after Y.S.P. illegally crossed into the United States, Y.S.P. flew to California using a plane ticket paid for by defendant ROJAS.

Overt Act No. 23:   On October 28, 2023, defendant ROJAS told Y.S.P. that defendant ROJAS would require Y.S.P to provide near-constant care for the minor child with special needs that defendant ROJAS shared with defendant GASTELO.

Overt Act No. 24:   On October 28, 2023, defendant ROJAS told Y.S.P. that defendant ROJAS would require Y.S.P. to cook, clean, and do laundry for defendant ROJAS, defendant GASTELO, and their other children.

Overt Act No. 25:   On October 28, 2023, defendant ROJAS informed J.S.G. and Y.S.P. that they both owed defendant ROJAS at least $5,000 as a fee in exchange for defendant ROJAS's efforts to smuggle J.S.G. and Y.S.P. into the United States.

                          COUNT TWO

                 [18 U.S.C. §§ 1589(a), 2(a)]

                      [ALL DEFENDANTS]

     Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

     Beginning on or about December 22, 2021, and continuing through in or about July 2023, in Ventura County, within the Central District of California, and elsewhere, defendants CAROLINA ROJAS and JAIRO JOHN GASTELO, aka "Jhon Gastelo," each aiding and abetting the other, knowingly provided and obtained the labor and services of A.Q.M by threats of serious harm to A.Q.M. and by means of a scheme, plan, and pattern intended to cause A.Q.M. to believe that, if A.Q.M. did not perform such labor and services, then A.Q.M. would suffer serious harm.

COUNT THREE

[18 U.S.C. §§ 1589(a), 2(a)]

[ALL DEFENDANTS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

Beginning on or about April 12, 2022, and continuing through in or about July 2023, in Ventura County, within the Central District of California, and elsewhere, defendants CAROLINA ROJAS and JAIRO JOHN GASTELO, aka "Jhon Gastelo," each aiding and abetting the other, knowingly provided and obtained the labor and services of M.M.H. by threats of serious harm to M.M.H. and by means of a scheme, plan, and pattern intended to cause M.M.H. to believe that, if M.M.H. did not perform such labor and services, then M.M.H. would suffer serious harm.

COUNT FOUR

[18 U.S.C. §§ 1589(a), 2(a)]

[ALL DEFENDANTS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

Beginning on or about July 27, 2023, and continuing through on or about March 21, 2024, in Ventura County, within the Central District of California, and elsewhere, defendants CAROLINA ROJAS and JAIRO JOHN GASTELO, aka "Jhon Gastelo," each aiding and abetting the other, knowingly provided and obtained the labor and services of J.S.G. by threats of serious harm to J.S.G., and by means of a scheme, plan, and pattern intended to cause J.S.G. to believe that, if J.S.G. did not perform such labor and services, then J.S.G. would suffer serious harm.

COUNT FIVE

[18 U.S.C. §§ 1589(a), 2(a)]

[ALL DEFENDANTS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

Beginning on or about October 27, 2023, and continuing through on or about March 21, 2024, in Ventura County, within the Central District of California, and elsewhere, defendants CAROLINA ROJAS and JAIRO JOHN GASTELO, aka "Jhon Gastelo," each aiding and abetting the other, knowingly knowingly provided and obtained the labor and services of Y.S.P. by threats of serious harm to Y.S.P., and by means of a scheme, plan, and pattern intended to cause Y.S.P. to believe that, if Y.S.P. did not perform such labor and services, then Y.S.P. would suffer serious harm.

COUNTS SIX THROUGH NINE

[18 U.S.C. § 1590(a)]

[DEFENDANT ROJAS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

In or about the time periods listed below, in Ventura County, within the Central District of California, and elsewhere, defendant CAROLINA ROJAS knowingly recruited, harbored, transported, provided and obtained the labor and services of the individuals identified by their initials in each count below in violation of Title 18, United States Code, Section 1589:

| COUNT | INDIVIDUAL | APPROXIMATE DATES |
|-------|-----------|-------------------|
| SIX | A.Q.M. | November 2021 through July 2023 |
| SEVEN | M.M.H. | April 2022 through July 2023 |
| EIGHT | J.S.G. | July 2023 through March 21, 2024 |
| NINE | Y.S.P. | October 2023 through March 21, 2024 |

COUNT TEN

[18 U.S.C. §§ 1546(a), 2(b)]

[DEFENDANT ROJAS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

In or about April 2022, in Los Angeles County, within the Central District of California, defendant CAROLINA ROJAS knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Social Security Card in the name of "Maria Quispe," and a Permanent Resident Card in the name of "Maria Quispe," for a foreign national, namely, A.Q.M., to obtain employment in the United States knowing the document to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

COUNT ELEVEN

[18 U.S.C. §§ 1546(a), 2(b)]

[DEFENDANT ROJAS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

In or about April 2022, in Los Angeles County, within the Central District of California, defendant CAROLINA ROJAS knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Social Security Card in the name of "Xiomara Jeri," and a Permanent Resident Card in the name of "Xiomara Jeri," for a foreign national, namely, M.M.H., to obtain employment in the United States knowing the document to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

COUNT TWELVE

[18 U.S.C. §§ 1546(a), 2(b)]

[DEFENDANT ROJAS]

Paragraphs 1 through 6 of this Indictment are hereby re-alleged and reincorporated by reference herein.

In or about September 2023, in Los Angeles County, within the Central District of California, defendant CAROLINA ROJAS knowingly forged, altered, falsely made, used, possessed, obtained, accepted, and received, and willfully caused to be forged, altered, falsely made, used, possessed, obtained, accepted, and received, documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Social Security Card in the name of "Alexandra V. Gomez," and a Permanent Resident Card in the name of "Alexandra V. Gomez," for a foreign national, namely, J.S.G., to obtain employment in the United States knowing the document to be forged, altered, and falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

COUNT THIRTEEN

[8 U.S.C. § 1324(a)(1)(A)(iv)]

[DEFENDANT ROJAS]

Between in or about April 2022 and July 2022, in Ventura County, within the Central District of California, defendant CAROLINA ROJAS for the purpose of commercial advantage and private financial gain, knowingly encouraged and induced an alien, namely, G.R.A, a Venezuelan national, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was in violation of law.

COUNT FOURTEEN

[18 U.S.C. § 1512(b)(3)]

[DEFENDANT ROJAS]

On or about September 6, 2023, in Ventura County, within the Central District of California, defendant CAROLINA ROJAS knowingly and with the intent to hinder, delay, and prevent the communication to law enforcement officers of information relating to the commission and possible commission of Federal offenses, namely: encouraging illegal entry, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), attempted to corruptly persuade J.C. by instructing J.C. to provide false and misleading information and omit relevant information during J.C.'s interactions with federal immigration enforcement officials, including, but not limited to, instructing J.C. to falsely state the amount that J.C. paid rent to defendant ROJAS at the Residence.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                        FORFEITURE ALLEGATION TWO

2                 [18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c)]

3      1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 1594(d), and Title 28, United States

7  Code, Section 2461(c), in the event of any defendant's conviction of

8  any of the offenses set forth in Counts Two through Nine of this

9  Indictment.

10     2.    Any defendant so convicted shall forfeit to the United

11 States of America the following:

12         (a)   Any property, real or personal, that was involved in,

13 used, or intended to be used to commit or to facilitate the

14 commission of such violation, and any property traceable to such

15 property;

16         (b)   Any property, real or personal, constituting or

17 derived from, any proceeds that such person obtained, directly or

18 indirectly, as a result of such violation, or any property traceable

19 to such property; and

20         (c)   In the event such property is not available for

21 forfeiture, a sum of money equal to the total value of the property

22 described in subparagraphs (a) and (b).

23     3.    Pursuant to Title 21, United States Code, Section 853(p),

24 as incorporated by Title 28, United States Code, Section 2461(c), any

25 defendant so convicted shall forfeit substitute property, up to the

26 total value of the property described in the preceding paragraph if,

27 as the result of any act or omission of said defendant, the property

28 described in the preceding paragraph, or any portion thereof (a)

                                    19

cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                           FORFEITURE ALLEGATION THREE

2                                [18 U.S.C. § 982]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 982(a)(6)(A)(i) and (ii)(I) and (II), in

7   the event of the defendant's conviction of any of the offenses set

8   forth in Counts Ten through Twelve of this Indictment.

9        2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11            (a)   Any conveyance, including any vessel, vehicle, or

12  aircraft used in the commission of the offense;

13            (b)   Any property, real or personal, that is used to

14  facilitate, or is intended to be used to facilitate, the commission

15  of the offense;

16            (c)   Any property, real or personal, that constitutes or is

17  derived from or is traceable to the proceeds obtained directly or

18  indirectly from the commission of the offense; and

19            (d)   In the event such property is not available for

20  forfeiture, a sum of money equal to the total value of the property

21  described in subparagraphs (a), (b), and (c).

22       3.    Pursuant to Title 21, United States Code, Section 853(p),

23  as incorporated by Title 18, United States Code, Section 982(b), the

24  defendant, if so convicted, shall forfeit substitute property, up to

25  the total value of the property described in the preceding paragraph

26  if, as the result of any act or omission of said defendant, the

27  property described in the preceding paragraph, or any portion thereof

28  (a) cannot be located upon the exercise of due diligence; (b) has

been transferred, sold to or deposited with a third party; (c) has

been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION FOUR

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Fourteen of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

//

//

in value; or (e) has been commingled with other property that cannot
be divided without difficulty.


                                    A TRUE BILL


                                    /S/
                                    Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

K. AFIA BONDERO
Assistant United States Attorney
Major Frauds Section

MATT COE-ODESS
Assistant United States Attorney
General Crimes Section