```
                                          FILED
                                   CLERK, U.S. DISTRICT COURT

1  JOSEPH T. MCNALLY
   Acting United States Attorney      FEB 19 2025
2  LINDSEY GREER DOTSON
   Assistant United States Attorney   CENTRAL DISTRICT OF CALIFORNIA
3  Chief, Criminal Division           BY: ___rsm___ DEPUTY
   K. AFIA BONDERO (Cal. Bar No. 318763)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2435
7       Facsimile: (213) 894-0411
        E-mail:    Afia.Bondero@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR **2:25-CR-00110--GW** |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| CAROLINA ROJAS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

   ☐ a.  present offense committed while defendant was on release pending (felony trial),

   ☐ b.  defendant is an alien not lawfully admitted for permanent residence; and

|   |   |   |   |
|---|---|---|---|
| | ☐ | c. | defendant may flee; or |
| | ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| | ☒ | a. | the appearance of the defendant as required; |
| | ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |   | in paragraph 5a - 5e below, AND defendant was |
| 5 |   |   | previously convicted of an offense described in |
| 6 |   |   | paragraph 5a - 5e below (whether Federal or |
| 7 |   |   | State/local), AND that previous offense was committed |
| 8 |   |   | while defendant was on release pending trial, AND the |
| 9 |   |   | current offense was committed within five years of |
| 10 |   |   | conviction or release from prison on the above- |
| 11 |   |   | described previous conviction (presumption of danger to |
| 12 |   |   | community). |
| 13 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 |   |   | If the Case Involves: |
| 15 | ☒ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 |   |   | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 17 |   |   | Federal crime of terrorism (as defined in 18 U.S.C. |
| 18 |   |   | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 19 |   |   | years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 |   |   | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 |   |   | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 |   |   | a crime set forth in a-c above or for an offense under |
| 26 |   |   | state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | if federal jurisdiction were present, or a combination |
| 2 |   |   | or such offenses; |
| 3 | ☐ | e. | any felony not otherwise a crime of violence that |
| 4 |   |   | involves a minor victim or the possession or use of a |
| 5 |   |   | firearm or destructive device (as defined in 18 U.S.C. |
| 6 |   |   | § 921), or any other dangerous weapon, or involves a |
| 7 |   |   | failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☒ | g. | serious risk defendant will (obstruct or attempt to |
| 10 |   |   | obstruct justice) or (threaten, injure, or intimidate |
| 11 |   |   | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 |   |   | hearing under § 3142(f) and based upon the following |
| 14 |   |   | reason(s): |

15
16 _____
17 _____
18 _____
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

☐  7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: February 18, 2025           Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

/s/ K. Afia Bondero
_____
K. AFIA BONDERO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA